UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WILLIAM SEVERS,                     :
                                    :
        Petitioner,                 :   Civ. No. 15-6421 (NLH)
                                    :
    v.                              :   OPINION
                                    :
THE ATTORNEY GENERAL OF THE         :
    STATE OF NEW JERSEY, et al.,    :
                                    :
        Respondents.                :
_____ :

APPEARANCES:
William Severs, #539137/188285B
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625
    Petitioner, Pro se


HILLMAN, District Judge

    Petitioner William Severs, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 New Jersey state court conviction.  He paid the $5 filing fee.  The Court will now conduct a preliminary review of the Petition as required by Habeas Rule 4. See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004).

I.   BACKGROUND

The following information is taken from the allegations of the Petition.  After a jury trial, Petitioner was sentenced in the Superior Court of New Jersey, Cumberland County, on October 20, 2005, to 60 years' imprisonment for: Non-capital Murder (Count 3); Possession of a Weapon for Unlawful Purpose (Court 4); Possession of a Weapon for Unlawful Purpose (Court 5); and Criminal Obstruction by Flight (Count 6). (Pet. 2, ECF No. 1). His appeal of the conviction was denied on May 19, 2009 and the Supreme Court of New Jersey denied his petition for certification on September 11, 2009.

Petitioner filed a Petition for Post-Conviction Relief ("PCR") on November 5, 2009.  The PCR Court denied his petition on October 4, 2011 and the appellate court affirmed the PCR court's decision on March 14, 2014.  The Supreme Court of New Jersey again denied a petition for certification on September 22, 2014.  Petitioner then filed in instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 21, 2015.

Petitioner asserts six grounds for relief in the Petition.[1] Specifically, Petitioner raises the following claims: (1) "Petitioner was denied his Sixth Amendment right to an impartial

---

[1] The Petition enumerates only five grounds for relief.  However, as discussed in further detail below, the Court notes that Petitioner's Ground Two appears to assert two distinct claims.

2

jury" because "Juror No. 11 failed to reveal her own domestic violence history at voir dire" (Pet. 15, ECF No. 1); (2) "the trial court erred in denying [Petitioner's] motion to exclude the out-of-court and in-court identifications" (Pet. 17, ECF No. 1); (3) the trial court's "Allen charge" to the jury was clearly erroneous (Pet. 18, ECF No. 1); (4) "the trial court abused its discretion and committed harmful error by failing to recognize the prejudicial impact that the in-court conduct by the victim's family had on the jury" (Pet. 19, ECF No. 1); and (5) the "trial court erred in denying [Petitioner's] motion for mistrial when the state's witness revealed that a restraining order existed between [Petitioner] and the victim" (Pet. 23, ECF No. 1).

## II.   STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

3

Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

A. Ground Two

As noted above, Petitioner enumerates five grounds for relief in his Petition. However, in construing the Petition liberally, as this Court must, see Hunterson, 308 F.3d at 243, the Court perceives two distinct claims raised in Petitioner's Ground Two. Specifically, on page 17 of the Petition, Petitioner explains that his second ground for relief is his claim that "the trial court erred in denying the [Petitioner's] motion to exclude the out-of-court and in-court identifications by Ms. D'Ippolito." (Pet. 17, ECF No. 1). Petitioner offers a sentence in support of this ground and then refers to a "continuation of Ground Two" on the following page, which he labels page "17A." (Id.).

The allegations provided on page 18 of the Petition — the page which Petitioner labels "17A" — are clearly identified by Petitioner as the "Continuation of Ground Two." (Pet. 18, ECF No. 1). Here, Petitioner states that his second ground for relief is based on his claim that "[t]he trial court's charge to

4

the jury was clearly erroneous, constituting plain error, court should have declared a mistrial the Allen[2] charge was wrongfully inadequite [sic]." (Id.).  In support of this allegation, Petitioner states, "The jury asked questions that prove the above ground; the jury was not informed [they] were on a death penalty case; judges [sic] instruction failed to inform the jury about the triggering effect of the [sic] own conduct." (Id.).

Given that the first part of Petitioner's Ground Two references the trial court's evidentiary ruling (Pet. 17, ECF No. 1), and the "Continuation of Ground Two" references an Allen charge and/or other instructions or information provided to the jury (Pet. 18, ECF No. 1), this Court construes Petitioner's Ground Two as asserting two separate claims.

B. Exhaustion

A state prisoner applying for a § 2254 writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State" unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct.

---

[2] See Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); see also United States v. Eastern Med. Billing, Inc., 230 F.3d 600, n. 1 (3d Cir. 2000) (explaining that in Allen, the Supreme Court upheld a charge in which "the court direct[s] the minority jurors to reconsider their views in light of their disagreement with the majority.").

5

1198, 71 L.Ed.2d 379 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919, 121 S.Ct. 1353, 149 L.Ed.2d 284 (2001)(finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Only if a petitioner's federal claims have been fairly presented to each level of the state court, including the state's highest

court, the exhaustion requirement is satisfied. See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.

As a result, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. See Rose, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson, 987 F.2d at 987. This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

In this case, Petitioner certifies that each claim asserted in the Petition was raised either on direct appeal or in his PCR proceedings. However, the court-provided form, which Petitioner properly used to submit his § 2254 petition, requires a petitioner to state the grounds raised in each and every direct appeal, petition, application or motion concerning the judgment being challenged. See AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014). In response to the inquiry regarding "grounds raised", Petitioner instructs the Court to "See Attached Sheets" and he

7

attaches to his Petition the "Tables of Contents" from his previously filed appeals, petitions for certification to the New Jersey Supreme Court, and petitions for Post-Conviction Relief. (Pet. 4-7, 9-11, 13-14, ECF No. 1). Presumably, then, these Tables of Contents contain the grounds raised in each proceeding.

In comparing the claims asserted in the instant Petition to the claims listed in these Tables of Contents, however, it appears that two of the claims set forth in the Petition were not previously raised. Specifically, Petitioner's <u>Allen</u> charge claim (the Continuation of Ground Two) and Petitioner's claim regarding the trial court's denial of his motion for a mistrial (Ground Five) are not mentioned in the Tables of Contents provided.

However, the fact that these claims are absent from the Tables of Contents attached to the Petition is not determinative of this issue. Petitioner may have properly raised these claims in the body of the briefs and petitions submitted in support of his appeal and PCR petition. Accordingly, limited response from Respondents as to the issue of exhaustion is necessary.

IV. CONCLUSION

For the reasons set forth above, Respondents will be required to provide a limited response to the Court to address the issue of exhaustion.

An appropriate Order will be entered.

                                          ___s/ Noel L. Hillman_____
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: September 30, 2015
At Camden, New Jersey