```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
WILLIAM SEVERS,                     :
                                    :
        Petitioner,                 :    Civ. No. 15-6421 (NLH)
                                    :
    v.                              :    OPINION
                                    :
THE ATTORNEY GENERAL OF THE STATE   :
OF NEW JERSEY, et al.,              :
                                    :
        Respondents.                :
_____ :
```

APPEARANCES:
William Severs, No. 188285-B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    Petitioner Pro Se

Jennifer Webb-McRae
Cumberland County Prosecutor
115 Vine Street
Bridgeton, NJ 08302
    Counsel for Respondent

HILLMAN, District Judge

Petitioner William Severs, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2005 New Jersey state court conviction. ECF No. 1. For the reasons discussed below, Respondents' Motion to Dismiss the Petition as time-barred under 28 U.S.C. § 2244(d), ECF No. 10, will be granted and the Petition dismissed.

## I. BACKGROUND

In 2005, Petitioner was convicted in New Jersey state court of the offenses of murder, unlawful possession of a firearm, unlawful possession of a weapon requiring an ID, and obstructing the administration of the law. See ECF No. 1, Pet. at 2. Petitioner filed a timely direct appeal, which became final on December 10, 2009, ninety (90) days after the New Jersey Supreme Court denied his Petition for Certification on September 11, 2009. See id. at 3-8.

On November 5, 2009, Petitioner filed a state court PCR petition. Id. at 8. The PCR petition was denied on October 4, 2011. Id. Petitioner notified the Office of the Public Defender by letter dated October 3, 2011 of his intent to appeal his PCR petition denial and requested the copies of the briefing from his direct appeal process so that he might use them in his PCR petition appeal. ECF No. 11, at 6. Petitioner wrote to his PCR attorney by letter dated October 20, 2011, stating as follows:

> As you well know, we were denied an evidentiary hearing, on the date, September 22, 2011, and prior to leaving the courtroom, you made Judge Fineman aware of the fact, that your client, William Severs would need a copy of the Judge's decision, also you informed the Judge that we would be appealing the decision of the court. Mr. Paul, you explained to me that you were going to handle the filing of the appeal. As of this date (10-20-11), I have not heard anything from you. In the meantime, I have written to Ms. Jodi Ferguson (on 9-26-11), and to Mr. Raymond Black, (on 10-03-11);

>     I made them aware that I am filing for an appeal, on
>     my Post Conviction Relief petition, in which I was
>     denied the right to an evidentiary hearing.

ECF No. 11, at 8. Petitioner's time for filing a timely appeal to the Appellate Division of the New Jersey Superior Court expired on November 18, 2011, forty-five days after the entry of the order denying the PRC Petition on October 4, 2011.[1] Over a year later, Petitioner filed the appeal of his PCR denial on October 15, 2012. ECF No. 1, at 12. The Appellate Division affirmed the denial of the PCR petition on March 14, 2014. Petitioner next filed a petition for certification with the Supreme Court of New Jersey on March 19, 2014, which was denied on September 22, 2014. Id., at 15.

Petitioner effectively filed this Petition on August 21, 2015, the date on which he placed the Petition into the prison's mailing system, although it was not docketed by the clerk until August 26, 2015. See id. at 28. Respondents filed a Motion to Dismiss on August 10, 2017, in which they assert the Petition should be dismissed as untimely under § 2244(d). ECF No. 10, at 1. Petitioner filed a response on the issue of timeliness raised in the motion to dismiss. ECF No. 11. Relevant to the instant Motion, Petitioner includes a "certification" from his PCR attorney, in which the attorney states that he was involved

---

[1] N.J. Ct. R. 2:4(a) (providing forty-five days in which to file a notice of appeal to the Appellate Division).

in a serious car accident and was unable to timely perfect Petitioner's appeal. See id. at 4. This certification appears to have been executed for the purposes of Petitioner's untimely PCR appeal to the Appellate Division. See id. (dated February 29, 2012).

**II. DISCUSSION**

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See also, Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the

4

pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal on September 11, 2009. He did not file a petition for writ of certiorari in the Supreme Court of the United States, so his conviction became final ninety days later, i.e. on December 10, 2009. Petitioner, however, filed his PCR petition on November 5, 2009, prior to his conviction becoming final, so federal habeas statute of limitations did not begin to run on December 10, 2009. See 28 U.S.C. § 2244(d)(2). Instead, the limitations period initially began to run November 19, 2011, which is the day after his time for filing an appeal of his denied PCR petition expired. N.J. Ct. R. 2:4-1(a) (providing for 45 days for appeal). See Douglas v. Horn, 359 F.3d 257, 263 (3d Cir. 2004) (rejecting notion that by "filing a nunc pro tunc petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired"); Swartz v.

5

Meyers, 204 F.3d 417, 424, n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."); see also Alvarenga v. Lagana, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), aff'd sub nom Alvarenga v. Admin N. State Prison, No. 16-3538 (3d Cir. Dec. 14, 2016)(denying certificate of appealability); Smith v. Holmes, No. 13-1876, 2016 WL 1464649, at *1 (D.N.J. Apr. 14, 2016) ("when an untimely appeal is filed—even if the appeal is accepted as properly filed by the state appeals court—statutory tolling does not include the period between expiration of the time to appeal and when the appeal was actually filed"); Martin v. D'Ilio, No. 15-7158, 2017 WL 1003246, at *2 (D.N.J. Mar. 15, 2017) (same).

Here, Petitioner's federal habeas statute of limitations began to run on November 19, 2011, and continued to run until he filed his appeal of the denied PCR petition on October 15, 2012—for a total of 330 days. Then, the statute of limitations was tolled during the pendency of the PCR appeal and the timely filed petition for certification to the New Jersey Supreme

Court, but started to run again once the New Jersey Supreme Court denied review on September 22, 2014. At this point, 35 days remained on the federal habeas statute of limitations, which expired on October 27, 2014. Thus, Petitioner had until October 27, 2014 to file the instant petition but did not do so until August of 2015. Accordingly, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010). See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is

exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted). See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."

LaCava, 398 F.3d at 275–276. See also Holland, 560 U.S. at 648–49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In his response to the Motion to Dismiss, Petitioner gives little explanation for his delay filing an appeal of his PCR petition. He cites and includes as an exhibit the

9

aforementioned attorney certification.  Although an attorney who was prevented from filing an appeal on behalf of a petitioner because he was involved in a serious car accident may, under other circumstances, provide cause for equitable tolling, it does not in this matter.  First, Petitioner fails to provide specific facts regarding when his attorney was in a car accident, for how long his attorney was incapacitated, and when his attorney's capacity was regained.  The Court is thus unable to assess Petitioner's diligence and whether the circumstances were truly extraordinary.

Second, Petitioner fails to explain the nearly year-long delay for filing the PCR appeal.  Once again, the Court is unable to assess Petitioner's diligence after he discovered that his appeal was not filed.  Finally, the letters submitted by Petitioner demonstrate that (1) Petitioner intended to file the appeal, and (2) Petitioner was aware that, as of October 20, 2011, no PCR appeal had been taken by his attorney and that his attorney had not been in communication with him for almost a month.  These letters tend to undercut any argument in favor of equitable tolling.  Petitioner has thus failed to meet his burden to demonstrate the factors necessary to invoke equitable tolling.

Petitioner also cites 28 U.S.C. § 2244(d)(1)(B) in support of the timeliness of his Petition. That subsection provides, in pertinent part:

> A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> . . .
>
> (B) the date on which the impediment to file an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action."

28 U.S.C. § 2244(d)(1)(B). Here, however, Petitioner does not allege or provide any facts that support that he was prevented from filing any such State action. Accordingly, the Petition will be dismissed as untimely.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. United States, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

**IV. Conclusion**

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly.

An appropriate Order follows.

Dated: March 19, 2018　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　United States District Judge