UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WILLIAM SEVERS,                     :
                                    :
            Petitioner,             :   Civ. No. 15-6421 (NLH)
                                    :
        v.                          :   OPINION
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY, et al.,        :
                                    :
            Respondents.            :
_____    :

APPEARANCES:

William Severs
539137 188285B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

        Petitioner Pro se

Jennifer Webb-McRae, Cumberland County Prosecutor
Stephen C. Sayer, Assistant Prosecutor
Cumberland County Prosecutor's Office
115 Vine Street
Bridgeton, NJ 08302

        Counsel for Respondents

HILLMAN, District Judge

        Petitioner William Severs has filed a motion for relief

from this Court's dismissal of his habeas corpus petition as

untimely.  ECF No. 23.  For the reasons that follow, the Court

denies the motion.

I.  BACKGROUND

In 2005, Petitioner was convicted in New Jersey state court of the offenses of murder, unlawful possession of a firearm, unlawful possession of a weapon requiring an ID, and obstructing the administration of the law.  See ECF No. 1 at 2.  Petitioner filed a timely direct appeal, which became final on December 10, 2009, ninety (90) days after the New Jersey Supreme Court denied his Petition for Certification on September 11, 2009.  Id. at 3-8.

Petitioner filed a state court post-conviction relief ("PCR") petition on November 5, 2009.  Id. at 8.  The PCR court conducted a hearing on September 22, 2011 and issued an order denying the petition on October 4, 2011.  Id.  Petitioner indicated he wanted to appeal at the September 22 hearing and several other times.  He wrote to the Office of the Public Defender twice telling them he wished to appeal.  ECF No. 11 at 6.  "And on October 20, 2011, Severs again informed his counsel that he wished to appeal, and complained that as of that date, counsel had communicated nothing further to him about filing it. Severs did not file his post-conviction appeal until October 15, 2012."  Severs v. Attorney Gen. of New Jersey, 793 F. App'x 72, 74 (3d Cir. 2019), cert. denied sub nom. Severs v. Grewal, 140 S. Ct. 829 (2020).

Petitioner filed his habeas corpus petition under 28 U.S.C. § 2254 on August 21, 2015.  ECF No. 1.  Respondents filed a motion to dismiss on the grounds that the petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  ECF No. 10.  Petitioner argued he should be granted equitable tolling because his PCR attorney was involved in a serious car accident and was unable to timely perfect Petitioner's appeal.  ECF No. 11 at 4.

The Court concluded the petition was untimely under 28 U.S.C. § 2244.  ECF No. 12 at 7.  It further held that Petitioner was not entitled to equitable tolling because he had not shown reasonable diligence in pursing his PCR appeal.  Id. at 10.  The Court granted the motion to dismiss on March 19, 2018.  ECF No. 13.

Petitioner appealed to the United States Court of Appeals for the Third Circuit.  ECF No. 14.  The Third Circuit affirmed this Court's decision on November 5, 2019.  Severs v. Attorney Gen. of New Jersey, 793 F. App'x 72, 74 (3d Cir. 2019).  The United States Supreme Court denied a writ of certiorari on January 13, 2020.  Severs v. Grewal, 140 S. Ct. 829 (2020).

On February 27, 2020, Petitioner filed the instant motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).  ECF No. 23.  He argues the Supreme Court's decision in Garza v. Idaho, 139 S. Ct. 738 (2019), warrants reopening of

3

his habeas case.  ECF No. 24.  Respondents did not file
opposition to the motion.

II.  DISCUSSION

    A.  Legal Standard

A Rule 60(b) motion is "addressed to the sound discretion
of the trial court guided by accepted legal principles applied
in light of all the relevant circumstances." Ross v. Meagan,
638 F.2d 646, 648 (3d Cir. 1981).  Rule 60(b) "does not confer
upon the district courts a 'standardless residual of
discretionary power to set aside judgments.'" Moolenaar v. Gov.
of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).

Rule 60(b)(6) permits a court to relieve a party from a
final judgment for any reason that justifies relief.  "The
standard for granting a Rule 60(b)(6) motion is a high one. The
movant must show 'extraordinary circumstances' to justify
reopening a final judgment." Michael v. Wetzel, 570 F. App'x
176, 180 (3d Cir. 2014) (quoting Gonzalez v. Crosby, 545 U.S.
524, 536 (2005)).  "[E]xtraordinary circumstances involves a
showing that without relief from the judgment, 'an "extreme" and
"unexpected" hardship will result.'" Budget Blinds, Inc. v.
White, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting Mayberry v.
Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

B. <u>Analysis</u>

The Court must first consider whether this motion is properly brought under Rule 60(b) or whether it is a second or successive § 2254 petition.  "AEDPA's restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context."  <u>Rodwell v. Pepe</u>, 324 F.3d 66, 67 (1st Cir. 2003); <u>accord</u> <u>Pridgen v. Shannon</u>, 380 F.3d 721, 727 (3d Cir. 2004). "[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."  <u>Pridgen</u>, 380 F.3d at 727.  "However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."  <u>Id.</u>

Petitioner argues the Supreme Court's decision in <u>Garza</u>, holding that prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken" even if the defendant signed an appellate waiver, 139 S. Ct. at 744, warrants reopening his case.  He argues that the petition should not have been dismissed as untimely because of the ineffective assistance of PCR counsel in delaying the filing of his appeal.

The Court concludes that this argument is not a second or successive § 2254 petition.

Motions under Rule 60(b)(6) must be filed "within a reasonable time" after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  The current motion was filed almost two years after the judgment entered on March 19, 2018 and a year after the Garza decision on February 27, 2019.  The Court concludes this was not a reasonable amount of time for Petitioner to wait to file his motion.

At the time the Garza decision was issued, Petitioner's appeal was pending in the Third Circuit.  The court of appeals granted a certificate of appealability on the timeliness question and appointed counsel to represent Petitioner on April 4, 2019.  Severs v. Attorney Gen. of New Jersey, No. 18-1822 (3d Cir. Apr. 4, 2019).  The Third Circuit issued its decision on November 5, 2019, well after Garza was decided.  Petitioner could have presented his Garza argument to the Third Circuit or to the Supreme Court.  Instead, it appears he waited until the Third Circuit and Supreme Court denied his appeals before filing asserting a right to relief based on Garza.

Alternatively, Petitioner has not shown the extraordinary circumstances necessary for relief under Rule 60(b)(6).  The Supreme Court has noted that "our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary

6

circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Garza has little application to Petitioner's case.  In Garza, the Supreme Court concluded that the prejudice prong of an ineffective assistance of counsel claim is presumed to have been met when an attorney failed to file a notice of appeal at the defendant's request even if the defendant signed an appellate waiver in a plea agreement.  See Garza, 139 S. Ct. at 749-50.  Petitioner went to trial; he did not sign a plea agreement.  ECF No. 24-1 at 2.  Garza was merely the extension of a rule that already existed at the time of Petitioner's PCR petition and initial habeas filing.

"The Supreme Court in Garza did not recognize a new right – the Court by its own logic was merely applying the rule announced in Roe v. Flores-Ortega, 528 U.S. 470 (2000), to those circumstances where there was an applicable appellate waiver." Thieme v. United States, No. 19-15507, 2020 WL 1441654, at *3 (D.N.J. Mar. 24, 2020) (citing Garza, 139 S. Ct. at 745-48). There is nothing about Garza that presents the extraordinary circumstances necessary to warrant relief from this Court's order dismissing the petition as untimely.  See Gonzalez, 545 U.S. at 537 ("The change in the law . . . is all the less extraordinary in petitioner's case, because of his lack of

diligence in pursuing review" on the issue raised in the Rule 60(b)(6) motion).

As Petitioner has not shown the extraordinary circumstances necessary to justify relief under Rule 60(b)(6), the Court will deny the motion.

III. Conclusion

The Court will deny the motion for relief from judgment. An appropriate Order will be entered.


Dated: September 30, 2020          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.